UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Roda Aden, on behalf of H.A., a minor, | Civ. No. 12-1782 (PAM/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated July 15, 2013. In the R&R, Chief Magistrate Judge Boylan recommended that the Court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Summary Judgment, and dismiss the matter with prejudice. Plaintiff filed timely objections to the R&R.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court declines to adopt the R&R and remands the matter to the ALJ for further proceedings.

**BACKGROUND**

Plaintiff Roda Aden sought Supplemental Security Income ("SSI") benefits for her minor daughter, H.A., in May 2009.[1] Plaintiff claimed that her daughter was disabled

---

[1] In a different case, Plaintiff seeks SSI benefits for another of her children, also with the initials H.A. Aden v. Colvin, 12cv1781 (PAM/AJB). The Magistrate Judge referred to the minor child in that case as "H.S.A." to avoid confusion.

because of asthma, and alleged that the disability began on the date of her daughter's birth, September 5, 2006. The Commissioner denied Plaintiff's application, and ultimately an Administrate Law Judge ("ALJ") held a hearing on the application. The ALJ determined that, although H.A.'s asthma was a severe impairment that caused more than minimal functional limitations, H.A. did not meet or medically equal the listing of impairments in the regulations, as required for payment of SSI benefits. (App. 27, 36.) Plaintiff unsuccessfully appealed that determination to the Appeals Council and now brings this lawsuit seeking SSI benefits for H.A.

In the R&R, Chief Magistrate Judge Boylan noted that the ALJ's decision hinged on her determination that medical evidence did not establish the requisite number of asthma attacks requiring physician intervention, or persistent low-grade wheezing between attacks, or an absence of extended symptom-free periods or growth impairment. (R&R at 4.) Plaintiff's arguments here focus on the first of these determinations, namely that the record does not show the required number of prescriptions for asthma attacks during a 12-month period.

**DISCUSSION**

**A.     Standard of Review**

This Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).

> Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Id. (citations omitted).

Plaintiff raises three specific objections to the R&R's findings. First, she contends that the R&R erred in determining that a June 2008 prescription fell outside the 12-month window set forth in the regulations. Second, she argues that the R&R erred in finding that there were no treatment notes supporting a September 2008 prescription. Finally, she contends that the R&R erred in determining that a May 2009 prescription was issued for reasons other than asthma. The Government's "response" to Plaintiff's objections does not address specifically any objection, merely reciting the Government's belief that the Court should uphold the Commissioner's decision to deny benefits.[2]

---

[2] The Court notes that the Government has a habit in social security cases of submitting "responses" to R&Rs and objections thereto that are neither helpful nor "responses" in any meaning of that term. See, e.g., Gov't's Response, Larson v. Astrue, 12cv97 (Docket No. 17) ("This Court should adopt the Report and Recommendation because it addresses and rejects Plaintiff's claim. In addition, it should be adopted for the reasons stated in the Commissioner's Motion for Summary Judgment and Memorandum in Support."); Gov't's Response, Luna v. Astrue, 11cv1137 (Docket No. 29) (same); Gov't's Response, Aden v. Colvin, 12cv1781 (Docket No. 25) (same). In this case, the Government filed two identical "responses," one to the R&R and one to Plaintiff's objections. (Docket Nos. 23, 25.) In many cases, a substantive response to the plaintiff's objections would be welcome. The responses the Government offers, however, are anything but. In the future, if the Government has nothing substantive to add to the arguments already presented, it should save taxpayer funds and say nothing at all.

**B.     Number of Prescriptions**

As noted, the R&R's conclusions in this matter depend on the determination that Plaintiff had not established the requisite number of prescriptions within a 12-month period. To determine whether a child is disabled because of asthma, the regulations require that the child has been prescribed "[s]hort courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 103.03(C)(2). The type of medication contemplated by this provision is corticosteroids prescribed as short-court treatment for acute asthma attacks or severe persistent asthma, not lower doses of inhaled corticosteroid prescribed as a long-term treatment for asthma. (R&R at 7-8 (citing Sanchez v. Barnhart, No. 03-C-537-C, 2005 WL 752220, at *9 (W.D. Wis. Mar. 30, 2005).) The R&R found that the ALJ failed to "make clear, direct and specific fact determinations" on this issue, but nevertheless determined that remand was not required because the record established that H.A. did not meet the listing. (Id. at 8-9.)

The record, however, is not as clear as the R&R suggests. The R&R found that several instances in which H.A. was prescribed courses of corticosteroids could not be counted toward the three-treatments-in-12-months requirement because the record was not clear that the prescriptions were to treat H.A.'s asthma or were treatments for some other condition. But this is a determination that the ALJ should have made in the first instance. The ALJ has the benefit of medical reviewers; she could have asked one of the reviewers to look carefully at the treatment notes for each corticosteroid prescription to determine what condition that prescription was intended to address. Especially in light of the fact that there

is little evidence that H.A. suffered from other maladies for which corticosteroids may have been prescribed,[3] the Court cannot say, on the basis of a paper record that is often extremely difficult to decipher, that the record establishes unequivocally that H.A. did not receive the required number of corticosteroid prescriptions. This is something for the ALJ to examine and determine in the first instance.

Thus, a remand to the ALJ is required in this case. See 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). On rehearing, the ALJ should specifically inquire as to whether the corticosteroids prescribed were prescribed, in whole or in part, to treat H.A.'s asthma, and whether the record establishes that H.A. was prescribed a course of corticosteroids for her asthma three times during any 12-month period.

**CONCLUSION**

Substantial evidence in the record before the Court does not support the Commissioner's decision to deny benefits, nor is there substantial evidence that Plaintiff is entitled to benefits. Accordingly, **IT IS HEREBY ORDERED that**:

---

[3] Corticosteroids are prescribed to treat rheumatoid arthritis, lupus, asthma, allergies, and other similar conditions. See Mayo Clinic staff, "Prednisone and other corticosteroids," http://www.mayoclinic.com/health/steroids/HQ01431 (last visited Aug. 21, 2013).

5

1. Defendant's Motion for Summary Judgment (Docket No. 15) is **DENIED**;

2. Plaintiff's Motion for Summary Judgment (Docket No. 13) is **DENIED**; and

3. This matter is **REMANDED** for rehearing before the ALJ under sentence four of 42 U.S.C. § 405(g).

Dated: August 28, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge